UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In Re:  JAMES ROSS SADLER                                              Case No. 09–07269-JAF
        and
        SHIRLEY R. SADLER,

                Debtors.
_____/

SECOND AMENDED CHAPTER 13 PLAN

The Debtors submit the following First Amended Chapter 13 Plan:

1. The future earnings or income of the Debtors shall be submitted to the supervision and control of the Trustee. The Debtors shall pay to the Trustee the sum of $1,810.67 per month for months one (1) through three (3) of the plan, then $1,350.00 per month for months four (4) through six (6) of the plan, then $1,380.00 per month commencing in month seven (7) and continuing through month sixty (60) of the plan., for a total plan period of sixty (60) months.

2. From the payments so received, the Trustee shall make disbursements as follows:

   A. **Priority Claims:**

   (1) The fees and expenses of the Trustee shall be paid over the life of the Plan at the rate approved by the United States Department of Justice. The Trustee shall pay the Internal Revenue Services the sum of $394.32 through payments of $6.57 pe month commencing with month one (1) and continuing through month sixty (60) of the plan in full satisfaction of its priority claim. The remainder of the Plan payments shall be distributed to the secured creditors in accordance with Paragraphs B.(1) through (3) below, then to the unsecured creditors whose claims are timely filed and allowed, including secured creditors who have deficiency claims, or whose liens have been avoided.

   B. **Secured Claims:**

   (1) **American General Finance, 10400 San Jose Blvd., Suite 3, Jacksonville, FL 32257 (Account No. 6048)** holds a lien on Debtors' 2001 Toyota Tacoma in the amount of $4,234.16 pursuant to a Loan Agreement and Disclosure Statement dated February 28, 2008. The vehicle was purchased within 910 days of the commencement of this case, therefore, the Trustee shall pay the balance owing on the debt , together with 6% interest per annum, through payments of **$81.86 per month** over the life of the Plan, for a sum total of $4,911.49, inclusive of principal and interest.

   (2) **Freedom Road Financial, c/o Spallas Jones, PLIC, 1840 E. River Road, Suite 207, Tucson, AZ 85718 (Account No. xxxxxx9481)** holds a lien on Debtors' 2003 Harley Davidson Motorcycle in the amount of **$13,741.05**. The Trustee shall pay the balance owing, together with 6% annual interest through payments of **$265.65** commencing in month one (1) and continuing through month sixty (60) of the plan, for a total sum of **$15,939.00**, inclusive of principal and interest.

   (3) **SunTrust Bank of Central Florida**, P.O. Box 4986, Orlando, FL 32802 (Account No. **xxxxxxxxx9971)** holds a lien in the amount of $12,100.90 on Debtor/Wife's 2005 Chevrolet Trail Blazer which was purchased for Debtors' daughter-in-law pursuant to a Retail Installment Sales Contract dated July 25, 2007. The Trustee shall pay the amount owing on the debt, together with 6% interest per annum, through payments of $233.94 per month commencing in month one (1) and continuing through month sixty (60) of the plan., for a total sum of $14,036.66, inclusive of principal and interest.

(4) **Wells Fargo Bank, N.A./Wells Fargo Auto Financial, Attn: MACF6582-034, Post Office Box 500, Chester, PA 19013 (Acct. No. xxxxxxx7491)** holds a lien on a 2004 Chevrolet Silverado Pickup Truck in the amount of $22,939.59 pursuant to a Retail Installment Contract dated May 31, 2007. The Contract was signed by Debtors' friend, Lorraine Sobol, and co-signed by the Debtor/Wife, Shirley Rose Sadler. The Debtors surrender their interest in the collateral to the creditor.

(5) **Beneficial Florida, Inc., 636 Grand Regency Road, Brandon, FL 33510 (Acct. No. xxxxxxxx7491)** holds a first and second mortgage on Debtors' principal residence in the amount of $146,083.65 pursuant to a Loan Repayment and Security Agreement dated 10/03/2003. The Debtors are current with their monthly payments. Debtors will make their regular monthly mortgage payments directly to the creditor during this Plan.

  C. **Unsecured Claims:**

This plan contemplates that there will sufficient funds to pay 100% of allowed unsecured, non-priority claims, including those claims of creditors holding deficiency claims or whose liens have been avoided; however, if there are not sufficient funds to pay 100% of all such claims, distribution shall be on a pro rata basis.

3. Any creditor's claim filed after the claims bar date of **January 19, 2010** shall be deemed to be disallowed and will receive no distribution hereunder unless otherwise provided herein, or unless the Debtors file a claim on behalf of a creditor, except for governmental units which shall have 180 days after the filing date of petition within which to file a claim with the court.

4. All creditors shall retain their liens to the extent permitted by 11 U.S.C. Section 506(d).

5. To satisfy the requirements of Section 365 of the Bankruptcy Code, Debtors hereby expressly assume all leases and/or executory contracts to which they are a party.

6. Title to Debtors' property shall re-vest in the Debtors upon confirmation of this Plan.

7. **The provisions of a confirmed plan bind the debtor and each creditor, whether or not the claim of such creditor is provided for by the plan, and whether or not such creditor has objected to, has accepted, or has rejected the plan.**

**ACCORDINGLY, ONCE THE DEBTORS SUCCESSFULLY COMPLETE THEIR CHAPTER 13 PLAN AND A DISCHARGE IS ENTERED, ALL CREDITORS SHALL BE EXPRESSLY PROHIBITED FROM ADDING, ASSESSING OR ATTEMPTING TO COLLECT FROM THE DEBTORS ANY LATE CHARGES, PENALTIES, INTEREST OR ATTORNEY'S FEES FROM THE BEGINNING OF TIME THROUGH THE DATE OF DISCHARGE.**

Dated this   13th   day of February, 2010.

/s/ J. Randall Frier
**J. Randall Frier, Esquire**
**Florida Bar No. 0754978**
**Frier & Frier, P.A.**
**1682 Metropolitan Circle**
**Tallahassee, FL 32308**
**(850) 894-2084   Telephone**
**(850) 894-9494   Facsimile**
**Attorney for Debtors**