UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

                                  CASE NO: 3:09-bk-07269 -JAF
                                  Chapter 13

IN RE:
JAMES ROSS SADLER
SHIRLEY R SADLER
_____/

ORDER AMENDING MARCH 26, 2010 ORDER CONFIRMING CHAPTER 13 PLAN
ALLOWING CLAIMS AND DIRECTING DISTRIBUTION

     This Order is being amended to correct the debtor payment amount due for months 7-60 and the amount allowed for Claim 24 filed by Dell Financial Service LLC.

     It having been determined after hearing on notice that the Plan complies with the provisions of 11 U.S.C. §1325, it is

     ORDERED:

     1.  The Plan, dated February 13, 2010, as amended in open court, is confirmed.

     2.  The balance of the interim funds shall be applied to the Confirmed Plan payments.

     3.  Payments shall be made by the Debtors in the amount of $1,810.67 each month for months 1-3, $1,350.00 each month for months 4-6, and $2,260.75 each month for months 7-60. Payments shall be made to Douglas W. Neway, Trustee, at **P.O. Box 2079, Memphis, Tennessee 38101-2079.**

     4.  Notwithstanding and in addition to payments set out in 3 above, the Debtors shall fund this plan for the applicable commitment period, beginning on the date that the first payment is due under the Plan, using all disposable income to be paid to unsecured creditors.

     5.  The Trustee shall pay all claims provided for in the Plan for which proofs of claims have been filed.  Distributions shall commence and be made by the Trustee on a monthly basis

JAMES ROSS SADLER                                    CASE NO: 3: 09-bk-07269 -JAF
SHIRLEY R SADLER

following this Confirmation on secured and priority claims only. Distributions shall not commence to the allowed general unsecured claimants until after the claims bar date.

    6. The Trustee shall make full disbursements in the following order:

        a.    Commissions and costs as the Court may from time to time approve.

        b.    Distributions to creditors who have filed claims and are ruled by the Court as priority, secured, or unsecured as set forth in the attached Exhibit A. Creditors whose claims are allowed as priority or secured shall be paid the amount shown on Exhibit A.

        c.    Any claim or amended claim filed after January 19, 2010, unless specifically provided for in Exhibit A, shall receive no distribution.

    7. Secured creditors shall retain their liens.

    8. Any post petition costs or expenses incurred by or on behalf of any secured creditor will be discharged upon the Debtors' completion of the plan, unless specifically provided for in this order, or by further order of Court on motion filed prior to completion of the plan. Regardless of objection by the creditor, this provision specifically supersedes all language in any confirmed plan that states differently.

    9. This Order is subject to any Objections, Motions to Value Claims, or Adversary Proceedings pending as of the date of the Confirmation Hearing. The requirement to object to secured mortgage claims that are filed prior to confirmation is waived as to the Chapter 13 Trustee and this confirmation shall have no res judicata effect on the Trustee's right to file and litigate any objections to mortgage claims for 60 days beyond the claims bar date.

    10. The property of the estate revests in the Debtors or in any other entity provided for by the Debtors in the terms of the confirmed chapter 13 plan upon discharge of the Debtors or, in the alternative, upon dismissal of the case.

JAMES ROSS SADLER                         CASE NO: 3: 09-bk-07269 -JAF
SHIRLEY R SADLER

    11. The Debtors shall file all required post petition tax returns with the Internal Revenue Service and provide a copy of the tax return to the Chapter 13 Trustee by April 30th of the year following the taxable year. If the Debtors have properly filed an extension to file with the Internal Revenue Service and deliver a copy of the tax return to the Chapter 13 Trustee no later than 10 days after the extension date.

    12. This Order supersedes any Adequate Protection Orders previously entered in this case and same shall be of no further force and effect.

    13. Any objection filed by creditor which is not prosecuted at the confirmation hearing is deemed withdrawn and/or overruled by the entry of this Order.

    14. The procedure for treatment of mortgage payment changes and escrow account adjustments during the life of the plan are as follows:

        a.    Mortgage Creditors are required to file a Notice of Mortgage Payment Change setting forth the basis of the change, the amount of the new payment and the date the new payment becomes due. Said Notice shall be filed within a reasonable time prior to the occurrence of the payment change and served upon the Trustee, Debtors and Debtors' counsel.

        b.    Upon receipt of the Notice, the Trustee shall take the following action:

            (1)    If the new payment is less than the current payment, the Trustee shall reduce the payment to the creditor in accordance with the notice, and apply the difference to the unsecured distribution.

            (2)    If the new payment amount is greater than the current payment, the Trustee shall compute the additional amount needed to be paid by the Debtors and file a Notice of Plan Payment Change setting

JAMES ROSS SADLER                                                CASE NO: 3: 09-bk-07269 -JAF
SHIRLEY R SADLER

forth the new monthly payment and the new payment on the mortgage. If no objection is filed by a party of interest, the Notice of Plan Payment Change will be considered a modification to the confirmed plan requested by the Trustee pursuant to 11 U.S.C. Section 1329. Notice and hearing are waived inasmuch as no creditor will be adversely affected by such change.

15. If the Debtors have surrendered collateral securing a debt to the creditor and the creditor is entitled to file an unsecured deficiency claim, said claim must be filed within 90 days of the date of this order, unless a Motion for Extension of Time is filed for good cause prior to the expiration of the 90 days and granted by this Court.

**DATED** this June, 30, 2014 in Jacksonville, Florida.

_____
JERRY A. FUNK
United States Bankruptcy Judge

Copies to:
All interested parties

Douglas W. Neway, the Chapter 13 Standing Trustee, is directed to serve a copy of this order on interested parties and file a proof of service within 3 days of entry of the order.

# AMENDED EXHIBIT A
## CASE NO: 3:09-bk-07269-JAF
## JAMES ROSS SADLER and SHIRLEY R SADLER
### Chapter 13

| Claim No. | Creditor | Claim Type | Claim Amount | Amount Allowed | Monthly Payment | Mth |
|---|---|---|---|---|---|---|
|  | TRUSTEE EXPENSES | Priority | | As set by U.S. Trustee | | |
| 01 | WELLS FARGO FINANCIAL | Secured | $22,939.59 | $1,387.56 | $0.00 | |
| | **Claim Notes:** *Collateral Surrendered.* | | | | | |
| 02 | CREDIT FIRST NA | Unsecured | $888.94 | $888.94 | ProRata | |
| 03 | CREDIT FIRST NA | Unsecured | $1,457.74 | $1,457.74 | ProRata | |
| 04 | CAPITAL ONE AUTO FINANCE | Unsecured | $12,100.52 | $12,100.52 | ProRata | |
| | **Claim Notes:** *Paid in Full.* | | | | | |
| 05 | BENEFICIAL FLORIDA | Secured | $146,083.65 | $0.00 | $0.00 | |
| | **Claim Notes:** *The 'Amount Allowed' represents the maintenance of payments on this claim while the case is pending as provided for in Section 1322(b)(5). Claim paid outside of plan.* | | | | | |
| 06 | SPRINGLEAF FINANCIAL SERVICES | Secured | $4,234.16 | $4,911.49 | $81.86 | 1 - 60 |
| 07 | PRA RECEIVABLES MANAGEMENT | Unsecured | $341.81 | $341.81 | ProRata | |
| 08 | INTERNAL REVENUE SERVICE | Priority | $394.32 | $394.32 | $6.58 | 1 - 60 |
| 09 | SPRINT NEXTEL- DISTRUBUTIONS | Unsecured | $739.98 | $739.98 | ProRata | |
| 10 | FORD MOTOR CREDIT COMPANY LLC | Unsecured | $8,205.40 | $8,205.40 | ProRata | |
| 11 | SUNTRUST BANK | Secured | $12,100.90 | $14,036.66 | $233.95 | 1 - 60 |
| 12 | JEFFERSON CAPITAL SYSTEMS LLC | Unsecured | $2,137.23 | $2,137.23 | ProRata | |
| 13 | CAPITAL ONE BANK | Unsecured | $4,167.91 | $4,167.91 | ProRata | |
| 14 | VANDA LLC | Unsecured | $1,108.61 | $1,108.61 | ProRata | |
| 15 | CAPITAL ONE BANK | Unsecured | $792.18 | $792.18 | ProRata | |
| 17 | FREEDOMROAD FINANCIAL | Secured | $13,741.05 | $15,939.00 | $265.65 | 1 - 60 |
| 18 | PRA RECEIVABLES MANAGEMENT | Unsecured | $5,483.05 | $5,483.05 | ProRata | |
| 19 | PRA RECEIVABLES MANAGEMENT | Unsecured | $469.74 | $469.74 | ProRata | |

**AMENDED EXHIBIT A**
**CASE NO: 3:09-bk-07269-JAF**
**JAMES ROSS SADLER and SHIRLEY R SADLER**
**Chapter 13**

| Claim No. | Creditor | Claim Type | Claim Amount | Amount Allowed | Monthly Payment | Mth |
|---|---|---|---|---|---|---|
| 20 | PRA RECEIVABLES MANAGEMENT | Unsecured | $332.61 | $332.61 | ProRata | |
| 21 | UNITED EMERGENCY SERVICE | Unsecured | $470.00 | $470.00 | ProRata | |
| 22 | MAYO CLINIC FLORIDA | Unsecured | $68.64 | $68.64 | ProRata | |
| 23 | HOUSEHOLD FINANCE CORP III | Secured | $76,004.82 | $37,612.62 | $0.00 | 1 - 6 |
|  |  |  |  |  | $696.53 | 7 - 60 |

**Claim Notes:** The 'Amount Allowed' represents the maintenance of payments on this claim while the case is pending as provided for in Section 1322(b)(5).

| Claim No. | Creditor | Claim Type | Claim Amount | Amount Allowed | Monthly Payment | Mth |
|---|---|---|---|---|---|---|
| 23 | HOUSEHOLD FINANCE CORP III | Secured | $3,632.33 | $3,632.33 | $0.00 | 1 - 6 |
|  |  |  |  |  | $67.27 | 7 - 60 |

**Claim Notes:** Mortgage Arrearage.

| 24 | DELL FINANCIAL SERVICE LLC | Unsecured | $1,471.08 | $0.00 | ProRata | |

**Claim Notes:** Late Claim.

### Debtor Payment Schedule

| StartDate | Number of Months | PaymentAmount |
|---|---|---|
| September 29, 2009 | 1 - 3 | $1,810.67 |
| December 29, 2009 | 4 - 6 | $1,350.00 |
| March 29, 2010 | 7 - 20 | $2,260.75 |
| May 29, 2011 | 21 - 21 | $3,352.75 |
| June 29, 2011 | 22 - 60 | $2,260.75 |

Copies to:
Debtors
J Randall Frier Esquire
Douglas W. Neway, Trustee
All Interested Parties